**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CARLOS MEJIA,

                          Plaintiff,

    v.

                                     No. 9:19-CV-1482
                                     (GTS/CFH)

EVAN PRITCHARD, Corrections Officer,
et al.,

                         Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

Carlos Mejia
17-A-2830
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541
Plaintiff pro se

Attorney General for the             LYNN MARIE KNAPP, ESQ.
State of New York                  Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Carlos Mejia, a former inmate in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS"), brings this

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28
U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

action pursuant to 42 U.S.C. § 1983 against two corrections officers for their alleged

interference with his rights arising under the First Amendment. <u>See</u> Dkt. No. 23.

Presently pending before the Court is defendants' motion to dismiss the amended

complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("FED. R. CIV.

P."), as well as Northern District of New York Local Rules 10.1(c) and 41.2(b). <u>See</u> Dkt.

No. 33. For the reasons that follow, it is recommended that defendants' motion be

granted and that plaintiff's amended complaint be dismissed.

## I. Background

On December 3, 2019, plaintiff commenced this action by filing a complaint,

which was accompanied by an application to proceed <u>in forma pauperis</u> ("IFP"). <u>See</u>

Dkt. Nos. 1, 2.  At that time, plaintiff was confined to the Great Meadow Correctional

Facility ("Great Meadow C.F.")in Comstock, New York. <u>See</u> Dkt. No. 1.  On January 8,

2020, Chief District Court Judge Glenn T. Suddaby granted plaintiff's IFP application

and, upon initial review pursuant to 28 U.S.C. §§ 1915,1915A, permitted the matter to

proceed to the extent that plaintiff asserted First Amendment free exercise claims

against defendants Michael Sexton and Evan Pritchard, DOCCS corrections officers

stationed at Great Meadow C.F. <u>See</u> Dkt. No. 4.

In permitting plaintiff's First Amendment claims to proceed, Chief Judge Suddaby

expressly warned plaintiff:

> **Plaintiff is also required to promptly notify the Clerk's
> Office and all parties or their counsel, in writing, of any
> change in his address; his failure to do so may result in
> the dismissal of this action**[.]

2

Id. at 19 (emphasis in original).  Plaintiff evinced his understanding of this requirement when, less than one month later, he notified the Court that he had been transferred to Five Points Correctional Facility ("Five Points C.F.") in Romulus, New York.  See Dkt. No. 6.

On March 6, 2020, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which required, inter alia, plaintiff to provide opposing counsel with his initial disclosures within sixty days.  See Dkt. No. 15.  According to defendants, although the deadline expired on May 5, 2020, plaintiff did not serve the disclosures.  See Dkt. No. 33-1 at 2.  In addition, when defendants' counsel attempted to serve initial disclosures upon plaintiff on April 30, 2020, those disclosures were ultimately returned with a label marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward" after what appears to have been unsuccessful attempt to forward plaintiff's mail to men's homeless shelter located at 400 E. 30th St., New York, New York 10016.  See Dkt. Nos. 33-1 at 2, 33-2; see also Dkt. No. 22.

Plaintiff has not had any communication with the Court since he filed a motion to amend his complaint on March 19, 2020.  See Dkt. No. 18.  Since defense counsel's April 30, 2020 attempt to serve plaintiff, two additional mailings have been returned to defense counsel as undeliverable, while four mailings sent by the Court to plaintiff have also been returned as undeliverable. See Dkt. No 33-1 at 2-3 (citing Dkt Nos. 33-3, 33-4); see also Dkt. Nos. 24, 29, 30, and 32.  According to publicly available information, plaintiff was released from DOCCS custody on April 29, 2020.

## II. Discussion[2]

For reasons that are self-evident, this Court's local rules require that "**[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address**." N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original).  A party's "[f]ailure to notify the Court of a change of address in accordance with Local Rule 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).  As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany Cty. Corr. Facility Staff, No. 95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996).

In addition the Court's local rules, FED. R. CIV. P. 41(b) provides that the Court may, in its discretion, order dismissal of an action based upon a plaintiff's failure to prosecute or comply with an order of the court.  See FED. R. CIV. P. 41(b); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Rodriguez v. Goord, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007).  The Court's discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). In addition, it should

---

[2]  Copies of all unreported decisions cited in this document have been appended for the convenience of the pro se plaintiff.

be exercised with caution and restraint because dismissal is a particularly harsh

remedy, especially when invoked against a pro se plaintiff.  See Baptiste, 768 F.3d at

216-17.  To that end, a determination of whether to dismiss an action pursuant to Rule

41(b) is informed by consideration of the following five specific factors:

> (1)   the duration of the plaintiff's failure to comply with the
>        court order,
>
> (2)   whether [the] plaintiff was on notice that failure to
>        comply would result in dismissal,
>
> (3)   whether the defendants are likely to be prejudiced by
>        further delay in the proceedings,
>
> (4)   a balancing of the court's interest in managing its
>        docket with the plaintiff's interest in receiving a fair
>        chance to be heard, and
>
> (5)   whether the judge has adequately considered a
>        sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (spacing added) (citing Jackson v. City

of New York, 22 F.3d 71, 74 (2d Cir. 1994); Alvarez v. Simmons Mkt. Research Bureau,

Inc., 839 F.2d 930, 932 (2d Cir. 1988)).  In general, "no one factor is dispositive."

Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks

and citation omitted).  "When imposed, the sanction of dismissal 'operates as an

adjudication upon the merits,' but may be without prejudice if so specified by the court

imposing it."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)

(quoting Fed. R. Civ. P. 41(b)).

### B.  Application

Based upon careful consideration of the foregoing Lucas factors, the undersigned concludes that dismissal is warranted in this action.  The inability to communicate with plaintiff is due solely to his failure to provide the Court—or opposing counsel—with his new address, a failure that dates back to at least April 29, 2020, the date upon which he was released from DOCCS custody.  Although only five months have elapsed since his release, and the duration of plaintiff's failure to proceed in this action is therefore relatively modest, its effect on the litigation is nonetheless substantial, and there is no end to plaintiff's inaction in sight.  See, e.g., Banks v. Racette, No. 9:18-CV-0319 (MAD/CFH), 2019 WL 5653232, at *4 (N.D.N.Y. Oct. 30, 2019) ("As such, Plaintiff's consistent inactivity in excess of the four-month threshold set forth by this District's Local Rules indicates a failure to prosecute this action."); Hartley v. Devlin, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4087976, at *2 (N.D.N.Y. July 30, 2018) (holding that no communication for a period of five months weighed in favor of dismissal), report and recommendation adopted, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4078267 (N.D.N.Y. Aug. 27, 2018).  In this timeframe, plaintiff has failed to appear for a court conference and failed to respond to defendants' motion to dismiss for failure to prosecute.  See, e.g., Text Minute Entry dated 08/05/2020 ("No appearance by plaintiff."); see also Banks, 2019 WL 5653232, at *4 (noting that the plaintiff "'could have been heard on this motion [to dismiss] but has squandered that opportunity by failing to submit opposition papers'").

In addition, plaintiff was expressly placed on notice by the Court that his failure to provide an adequate address "**may result in the dismissal of this action**[.]"  Dkt. No. 4 at 19 (emphasis in original).  Plaintiff demonstrated that he understood the importance

6

of this requirement when he updated his address with the Court on at least one

occasion.  See Dkt. No. 6.  Despite plaintiff's awareness of his responsibility, he has

failed to provide an updated address to the court or opposing counsel since he was

released from custody.  Given plaintiff's manifest disinterest in pursuing his claims in

this action, the undersigned concludes that the need to alleviate congestion on the

docket and defendants' interests in defending against the claims asserted by plaintiff

outweigh his right to receive a further opportunity to be heard in this matter.  See

Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-

9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient

administration of judicial affairs-a consideration vital to the Court's ability to provide

meaningful access to other litigants-depends on the Court's overseeing its docket and

guaranteeing that its cases progress with appropriate speed.").  As required, the

undersigned has also considered less-drastic sanctions, but reject them as ineffective in

this case.  While the Court could potentially issue an order that reprimands plaintiff for

his dereliction, such an effort would be entirely futile, given that such an order would

never reach plaintiff due to his failure to provide the court with a current address

following his release from custody.


### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 33) be

**GRANTED** in its entirety; and it is further

**RECOMMENDED,** that plaintiff's amended complaint (Dkt. No. 23) be

**DISMISSED** with prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE**

**TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v.

Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 6(a), 6(e), 72.[3]

Dated: September 30, 2020
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).